FRANCISCO PONSA FELIÚ, demandante y recurrido, *v.* UNIVERSIDAD DE PUERTO RICO, demandada y recurrente.

*Número:* R-76-129     *Resuelto:* 19 de septiembre de 1977

*Héctor Martínez Muñoz, Ernesto A. Meléndez Pérez* y *Ramón A. Cancio Sifre*, abogados de la recurrente; *Francisco Ponsa Feliú*, por derecho propio, *Francisco Ponsa Flores* y *Elmer Toro Lucchetti*, abogados del recurrido.

PER CURIAM: El demandante recibe una pensión del Sistema de Retiro de la Universidad de Puerto Rico (en adelante "el Sistema") por servicios rendidos en la Facultad de Derecho a base de jornada parcial desde septiembre de 1937 hasta febrero de 1974. Durante todo el tiempo trabajado el demandante hizo las aportaciones correspondientes al Sistema habiéndosele acreditado el tiempo máximo acreditable de 35 años.

Mientras trabajó en la Universidad de Puerto Rico, ocupó simultáneamente una plaza en el Gobierno Federal por casi once años a base de jornada completa. Los servicios prestados por el demandante al Gobierno Federal no le fueron ni le han sido acreditados en el Sistema, ni en ningún otro sistema de retiro federal o de Puerto Rico. Por tanto el demandante no hizo ni le fue requerida aportación alguna al Sistema por concepto de los servicios prestados al Gobierno Federal.

El demandante, estando recibiendo la pensión del Sistema, acudió al Tribunal Superior, luego de haber hecho gestiones infructuosas ante la Junta de Retiro y del Consejo de Educación Superior, para solicitar que se le ordene al Sistema la recomputación retroactiva de la pensión que viene recibiendo

tomando en cuenta los servicios que simultáneamente prestó al Gobierno Federal mientras rendía servicios a la Universidad de Puerto Rico. Alega tener derecho a recibir crédito por el servicio federal rendido y ofrece hacer el pago de la aportación e intereses que correspondan conforme a las Reglas y Reglamentos del Sistema de Retiro de la Universidad de Puerto Rico (en adelante "Reglamento del Sistema").

Comoquiera que el demandante ya tiene acreditado al Sistema el tiempo máximo acreditable de 35 años no interesa que se le considere como tiempo adicional los servicios rendidos al Gobierno Federal. Lo que propone es que se considere, a los fines del cómputo de la pensión, el ingreso promedio de aquellos 36 meses en que sirvió simultáneamente al Gobierno Federal en los que la compensación anual era más alta que la recibida durante todo el tiempo en que prestó servicios a la Universidad de Puerto Rico. De ser acreditable tal ingreso promedio la pensión resultante sería mayor. Invoca éste en apoyo del derecho alegado las disposiciones del Reglamento del Sistema que autorizan el cómputo de la pensión [1] a base de la compensación promedio más alta recibida durante cualquier período de 36 meses. [2]

---

[1] El cómputo de la pensión a recibir se explica en el Reglamento del Sistema como sigue:

"Si [el miembro] tiene más de 30 años de servicio acreditado el 1.º de julio de 1973, excluyendo cualquier servicio acreditado después de dicha fecha, 75% ó 65% de su salario promedio de acuerdo con los párrafos (a) y (c) anteriores, por los primeros 30 años de servicio acreditado, más dos por ciento (2%) de dicho promedio multiplicado por el número de años de servicio en exceso de 30, pero no mayor del 85% de dicho promedio. El servicio acreditado en exceso de 30 años, alcanzado después del 1.º de julio de 1973, solamente será acreditado con el propósito de computar su salario promedio." Art. III, Sec. 3(a)(1)(c), Reglamento del Sistema. (Traducción del inglés.)

[2] La "compensación promedio" se define en el Reglamento del Sistema como sigue:

"La compensación promedio mensual pagada o acreditada a un miembro durante los 36 meses de servicio para los cuales dicho promedio es más alto, o en el caso de un miembro con menos de 36 meses de servicio, durante su período completo de servicio." Art. I, Reglamento del Sistema. (Traducción del inglés.)

El tribunal de instancia resolvió que el demandante tiene derecho a que se le acredite por el Sistema, a los fines del cómputo de la "compensación promedio" pero no en cuanto al cómputo del tiempo de servicio, la compensación promedio más alta recibida durante cualquier período de treinta y seis meses en que la compensación federal fue más alta que la de la Universidad de Puerto Rico.

El tribunal sentenciador entendió que su determinación encontraba apoyo en lo dispuesto por el Art. III, Sec. 3, inciso (d) del Reglamento del Sistema, que expresa lo siguiente:

"Cualquier miembro a quien se le hayan acreditado no menos de diez (10) años de servicio recibirá crédito por cualquier servicio anterior prestado sobre la base de jornada completa a cualquier agencia federal en Puerto Rico, por cuyo servicio no hubiese recibido crédito bajo cualquier sistema de retiro federal o de gobierno, siempre y cuando [dicho miembro] haga una aportación al Sistema a base de su compensación durante tal servicio al tipo combinado de la contribución entonces vigente para miembro y patrono. A menos que comience a efectuar los pagos requeridos dentro del año después de la fecha en que haya obtenido diez (10) años de servicios acreditables o en 1º de julio de 1969, si ésta fuere posterior, le serán cargados intereses regulares desde dicha fecha hasta la fecha en que comenzaren sus pagos." (Traducción del texto inglés.) (³)

Un análisis del texto de la disposición transcrita revela que los servicios prestados por un miembro del Sistema al

---

(³) Rules and Regulations of the University of Puerto Rico Retirement System, según enmendado a 1.º de julio de 1973, Art. II, Sec. 3(d), cuyo texto original en el idioma inglés es el siguiente:

"Any member who has credit for at least ten (10) years of service shall receive credit for any previous service rendered on a full-time basis to any Federal Agency in Puerto Rico for which he does not have credit under any Federal or government Retirement System, provided he makes a contribution to the System on the basis of his compensation during such service and at the combined rate of member and employer contributions then in effect. Unless he begins to make the required payments within one year after the date on which he acquired ten (10) years of service credit or July 1, 1969, if later, he shall be charged regular interest from such date to the date on which his payments begin."

Gobierno Federal pueden ser acreditados al Sistema solamente si están presentes todas las circunstancias siguientes:

(1) El miembro debe tener acreditado en el Sistema no menos de diez (10) años de servicio.

(2) El servicio federal a acreditarse debe haber sido prestado con anterioridad al período de diez (10) años a que se refiere el número (1) precedente.

(3) El miembro debe hacer una aportación al Sistema a base de su compensación durante tal servicio federal al tipo de la contribución entonces vigente para miembro y patrono conjuntamente.

(4) El servicio federal requerido es sobre la base de tarea completa.

(5) Se cobrarán intereses si la aportación de los servicios federales se hiciere pasado un año de la fecha en que se hubieren obtenido diez (10) años de servicios acreditables.

Surge de la disposición precedentemente transcrita que la acreditación de servicios federales es por vía de excepción y para ello deben estar presentes todos los requisitos señalados. Nótese que el miembro del Sistema debe tener acreditado no menos de diez (10) años de servicio antes de que puedan acreditársele servicios rendidos al Gobierno Federal. Y, solamente si éstos son *anteriores* a los prestados al Sistema. Para que existan servicios *anteriores* a los ya acreditados al Sistema es de suponer que los servicios en una y otra esfera gubernamental han de prestarse en períodos alternos y no simultáneos. No hemos podido encontrar disposición alguna en la Ley ni el Reglamento del Sistema que autorice la acreditación de servicios coetáneos prestados por el miembro fuera del Sistema. Aún más, un examen detenido de la Ley del Sistema revela que no fue la intención integrar el Sistema de Retiro de la Universidad de Puerto Rico al del Gobierno Federal ni a sistema otro alguno. El Sistema es separado y distinto de cualquier otro. De haber sido la intención el reconocer la concurrencia de servicios en y fuera del Sistema, así

se hubiera dispuesto. Ello envolvería una disposición al efecto de que en caso de servicios prestados concurrentemente habría de reconocerse la compensación recibida de fuentes externas si ella fuere mayor. El efecto de reconocer la compensación más alta en casos de servicios simultáneos tiene necesariamente un efecto adverso en los cómputos actuariales del plan de pensiones. Por eso debe surgir expresamente esa consideración en la Ley o en el Reglamento. Un plan actuarial no puede ser modificado por implicación pues una alteración necesariamente afecta a los demás participantes.

Es conveniente señalar que en los 35 años en que el recurrido hizo aportaciones al Sistema nunca hubo interrupción en los servicios prestados a la Universidad de Puerto Rico. Es por tanto entendible que el recurrido nunca intentara el alegar derecho alguno sobre sus servicios al Gobierno Federal. Tampoco intentó hacerlo al momento de acogerse a los beneficios del retiro. Evidentemente no procedía hacerlo.

En mérito de lo anterior resolvemos que los servicios federales prestados por el recurrido en períodos simultáneos al servicio prestado a la Universidad de Puerto Rico no son acreditables al Sistema de Retiro de dicha institución.

*Se revocará la sentencia sumaria dictada por el Tribunal Superior, Sala de San Juan, de 26 de febrero de 1976, en el caso civil número 75-1549E, Franscico Ponsa Feliú v. Universidad de Puerto Rico.*

Los Jueces Asociados Señores Rigau, Dávila y Díaz Cruz no intervinieron.